Good morning. May it please the court. Eric Guzman on behalf of Noe Cuenca. I will attempt to reserve two minutes for rebuttal, but watch my own clock. The district court erred when it denied the motion to dismiss the indictment due to an invalid deportation. To prevail on that motion, Mr. Cuenca must show the four following things. A due process violation, prejudice, exhaustion of administrative remedies, and deprivation of judicial review. Could you focus for us on the failure of the immigration judge to inform Mr. Cuenca that he might be eligible for voluntary departure? Yes, Your Honor. And on that issue, I want to know whether you argued that issue to the district court. I did not, Your Honor. So do we review for plain error? Well, I believe plain error review can be avoided for two separate reasons. First is Ye v. Escondido sets out the principle that as long as an issue has been raised, additional arguments can be raised on appeal. Secondly, this Court recently held in Joseph, or reiterated in Joseph, that there is an exception to plain error review when it is a pure question of law and there's no prejudice to the government. Well, and my question is, is it a pure question of law? I take it in order to prevail in this one, you'd have to show some likelihood that Mr. Cuenca would have been offered voluntary departure and that he would have taken it. Do you agree with that? The standard is Mr. Cuenca would have had to show that there would be a, quote, plausible claim of relief. Not unlikely, just. Well, but now we're on plain error review. See, that's my difficulty. If you'd raised the issue, I agree with you with respect. He only has to show some probability. But once we're on plain error review, don't you have to show actual prejudice? If I could back up first, Your Honor, I don't believe the standard is that Mr. Cuenca would have to show that he would have accepted voluntary departure. I don't believe that factors into the analysis. But moving forward to plain error review, we must show that there was error, that it was plain, that it affects substantial rights, and for that ---- And that it affects the integrity of the proceedings, et cetera. Yes. He can meet that standard. The error is plain. And we know that because the government conceded that he was eligible and that the immigration judge committed error in their answering brief, which is somewhat rare. Two, the law ---- one of the other things we look at if it's plain error, if the error is plain, is if the law is clearly settled. And this issue has been clearly settled since the Ortiz-Lopez case. So let's assume you can meet the first two prongs of plain error review. Okay. My question is, what do you have to show with respect to the other prongs in order to prevail? Because you have the burden. Yes, Your Honor. It affects the substantial interest of Mr. Cuenca in two respects. One, it's ---- it allows a conviction to stand based on the deportation. That's serving as an element that is legally infirm, that due process was not afforded to Mr. Cuenca in his removal hearings. And now that is ---- it's clear before us on the record that he did not receive due process at the removal hearing, and such a removal, such deportation cannot serve as an essential element to a criminal conviction. Yeah. Now, I ---- and your brief does a good job setting that up. Here's where I'm having some difficulty, and I don't know the answer. That's why I'm seeking your help. Sometimes an immigration judge will tell somebody he is eligible to ask for voluntary departure, but the judge won't grant it, and the BIA won't grant it on appeal. And sometimes the ---- for various reasons, the petitioner doesn't take it. We're now trying to reconstruct, if you will, a proceeding that occurred in 2002. And I'm trying to figure out whether your client has any burden with respect to the second half of the analysis to show that, gee, he was a likely candidate and that he would have taken it because it would have made perfect sense, or whether or not we just guess, or whether or not we send it back to the district judge and allow you to try to make a showing on that. That's where I'm having some difficulty in this case. So I need your help on those issues. All right. First, I described several cases in my opening brief of aliens who received voluntary departure. If you could divide the two. The first one, whether there was a plausible ---- whether it's plausible that he would have qualified for entitlement to voluntary departure. Your argument there, as I understand it, is purely a legal argument, that by looking at the past, looking at the cases, you can determine whether it was plausible that he would have received the voluntary departure. The second question, Judge ---- the second question you asked, if I recall, is whether he would have accepted it. Now, that's a totally different question apart from the legal question in the third part. In the fourth part, whether he would have accepted it, one question is, is that a requirement for him to prevail? Is that an element of it, that he would have accepted it? And if so, how do you determine that? It's not, Your Honor. It is not an element that Mr. Klinkin would show that he would have accepted it ---- would have accepted voluntary departure had the immigration judge advised him of it. All right. Well, then why don't you give a fuller answer, I think, than that, where his due process rights violated if he were not offered it, or for purposes of this case. Could you explain why, in your view, he is not required to show that he would have accepted it? I believe it's because the case law requires Mr. Klinkin to only show that he would have had a possible claim for relief at the time of this removal hearing. And I agree with all that. Here's where I'm having difficulty, and Judge Reinhardt's done a good job of separating the question. If, in fact, you didn't raise this issue below and were engaged in plain error review, it seems to me that your client has a higher burden than he had he would have had he raised it below. And I'm trying to figure out what that burden imposes on you. It may not impose on you proving that you would have taken it, but there's no declaration even in the record from your client that he would have taken voluntary departure. So I'm trying to figure out on plain error review what it is that you have to do that would be more than you would have to do had you raised it. And everything you tell me is essentially what you would have had to do had you raised the issues. That's why I'm having some difficulty. But I don't know the answer, so I'm asking. I believe the additional burden is we now have to show that it's plain, which we've done, and that it affects the substantive rights and integrity. And these – this is the type of error that implicates those last two prongs. It related to someone, not only the process he was entitled to at a removal hearing, which he did not receive, but it pertains to his ability. He could have had the ability to avoid deportation.    I'm saying that he should have had the ability to avoid deportation. And let me ask you one other question about that. I know it's not part of this case, but I just want to make sure I understand the record. Your client could today be deported for crimes that he's committed since 2002. Is that correct? Yes, Your Honor. So the only issue in this case is whether or not the 2002 deportation was correct, as opposed to whether your client should remain in the country. Correct. And the reason that is, looking back to the Mendoza-Lopez case, the Supreme Court ruled that a deportation that did not comport with due process, that is legally infirm, cannot serve as an essential element to a criminal prosecution. I would like to reserve the rest of my time for rebuttal. May it please the Court. Suzanne Miles for the United States. To address the questions that Your Honors have asked opposing counsel, plain error review does apply to the voluntary departure claim here because it was not raised below. And this case is outside of the scope of the cases that defense counsel has cited, particularly Joseph, because the question here is not a question purely of law. In fact, it's a question applying law to the facts. And Your Honors have hit specifically on the factual problems inherent in this argument that's being raised on appeal that was not. Let me ask you one question first. If this were, if it had been raised below and it were not plain error, I don't think the government made any argument in the brief that he would not prevail under a normal standard of review. Your Honor, the defendant would not prevail under a normal standard of review either, either not under plain error or under the regular standard in 1326d, because the burden is on the defendant to prove not only the due process error, but also to prove prejudice. And in order to prove prejudice, the defendant must show that his substantial rights were violated. Well, let's break it down into the factual part of the case. Does the government contest that this is a case in which voluntary departure could plausibly have been offered, not only offered, but granted? Your Honor, in order to answer that, I need to separate. There's two types of voluntary departure. And so we need to address each of them separately. There's pre-hearing voluntary departure and post-hearing voluntary departure. Right. And this was post-hearing, I take it. Well, Your Honor, the question is whether he was advised as to any form of voluntary departure. With regard to post-hearing voluntary departure, a defendant is only eligible if he has good moral character. And the defendant's conviction for possession of a controlled substance takes him categorically out of eligibility for post-hearing voluntary departure. That's at 8 CFR 1240.26c, which the government provided that specific citation in a 20HA letter. And so now focus on pre-hearing. On pre-hearing, the requirements are less don't require the good moral character. And so he was he was apparently eligible for pre-hearing voluntary departure. And that's where I'm having some difficulty in this case. I want you to help me with it. I take it on the facts of this case, Mr. Cuenca's chief defense below was I can get this felony conviction expunged and, therefore, I won't be removable. Had he elected voluntary departure before the hearing, he would have dropped the ability to raise that, would he not? That's correct. In order to qualify, you have to concede removability. And so on this record, whether we're looking under plain error review or not, but certainly with plain error review, this record does not support that he was eligible for pre-hearing voluntary departure. From the very beginning, from the first hearing. Well, he was eligible for it. The question is whether he likely would have opted for it, isn't it? Well, I guess so, Your Honor. There's a question between apparent eligibility, which triggers the IJ's requirement to advise him. The IJ erred by not advising him pre-hearing. It did err by not advising him. However, because the defendant refused to concede removability from the get-go, that refusal to concede that made him not eligible for the relief as soon as he made that decision to do so. I realize that this is somewhat of an intertwined factual issue. But I think what the record supports is that immigration counsel and the defendant intended to seek expungement of the underlying criminal conviction. It all depends on what the obligation is. The obligation is to tell him about a right he has, not to guess whether he will accept it. And so the government or the immigration, INS, whatever it is these days, failed to tell him what his rights were. And so the government, as a result of not telling him what his rights were, was in its obligation, whatever they thought he would do. Maybe he would find out before he had to make a decision. Maybe he'd say it's better than to take the risk. None of that affects the fact that the government erred in not telling him what his rights were. And, Your Honor, the government has no qualms about stating that there was a due process error here. But what we're asking is for concentration on the issue that is actually contested, which is the prejudice prong. Under 1326d, the defendant has the burden to show that this removal was fundamentally unfair, that he was prejudiced by it. And in order to make that showing. Well, he's surely prejudiced in the context of this case, which is that he wouldn't be, he wouldn't have committed this crime had he taken voluntary departure. But, Your Honor, that presupposes that he would have taken voluntary departure. Well, and that's the same question I've been asking all morning, and I'm not sure I'm closer to the answer. What's our obligation here, and how is our obligation affected by whether or not this is plain error review or merely harmless error review? Your Honor, I guess I'll speak to the obligation first, if I understand the question correctly. And the obligation is to ensure that the record does contain the defendant's factual obligation to meet his burden to show prejudice. Now, that factual obligation is true whether you're looking at it under the de novo review of 1326d. 1326d places the burden to prove prejudice squarely on the defendant. So that obligation exists even if it was de novo review. But under plain error review, this Court's obligation is to look at whether the district court plainly erred in not sussing up this issue for itself. So let's go back and pretend he raised this issue in the trial court. In the trial, and the government stood up and candidly said, yes, this was a due process violation. And then you say to the Court, but he has to prove prejudice. How would he prove prejudice? With a declaration. He submitted a declaration here with regard to the ineffective assistance of counsel claim, or at least the ineffective assistance of counsel. But didn't say, had I been offered voluntary departure, I would have taken it. He didn't address it, Your Honor, no. And that's exactly the failure that makes this problematic for this Court to try to review now. This is why he needed to exhaust it, or he needed to raise it before the district court. He should have put in a declaration which factually said, as is done commonly in the ineffective assistance of counsel context, that had I been informed of this form of relief, I would have sought it. And, in fact, we cannot make that assessment based on the record before us, because everything in the record, everything that he did and immigration counsel did from the get-go indicated that he was not going to concede removability. He was going to attempt to retain his legal permanent residence status by getting his underlying conviction expunged. Because had he conceded removability, he would have lost his permanent residence status. He would have lost his legal permanent residence status. That's correct. So the only upside to him from taking voluntary departure was that if he came back into country illegally later, it wouldn't have constituted the crime you have now charged him with. That's correct. Whereas the upsides of doing what he did, the strategy that he used to get his legal permanent residence status, was that he would have been able to re-enter the country if he had been deported rather than left voluntarily. Your Honor, I don't believe that he would have been able to re-enter ever because he would have still had the conviction which indicated he had no – he did not have good moral character, so. So unless this conviction were overturned or expunged, put aside future illegal conduct, he – he would have had the same consequence had he departed voluntarily or been removed. That's exactly right. Once he got the – In terms of ability to come back. Yes. Once he had that conviction for possession of a controlled substance, he was removable from the United States. He could not have re-entered legally. Does the record reflect whether that conviction was ever expunged? The – it was not expunged. I don't know if the record – It wasn't during the portion of the immigration proceedings. I'm just trying to figure out whether the record was in the district court indicates that it was ever expunged. I believe that there was information in the A file which I don't believe got into the district court's record. So I think the answer – the direct answer to your question is no, it's not in the record, although I do believe that the facts are known to both parties. Your Honor, because opposing counsel did not address either of the other two issues, unless this Court has any other questions with regard to this one issue, I'll submit the others on the briefs. Thank you. Thank you. Thank you, Your Honors. If I could address a couple of the points. Yeah. I'd like you to really specifically address the point of your burden here. I think it is clear you weren't – your client wasn't eligible for post-hearing voluntary departure. So the question is whether or not the failure of the immigration judge to warrant – to tell him that he was eligible for pre-hearing departure, which would have required him to give up his permanent resident status, really prejudiced him in this case. Could you address that? Yes, Your Honor. It's – it was prejudicial in that he was denied in the ability to apply for this form of relief that would have resulted – that would have – could have avoided deportation. But he would have – he would have had to have given up his permanent resident status in order to do that. Do you agree? He would have had a conceded removability in waive appeal. That is the requirement for pre-conclusion voluntary departure. But I don't think the benefits of that route are being properly presented right now. Not only does it avoid the deportation on his record and the prosecution for this case, but also it would allow him – it would change his posture if he were to return – attempt to return legally in the United States years down the road. So, no, I don't know the exact time limits of when you can reapply to reenter the United States, but I can – Counsel said you could never apply to return to the United States. Give – if you have a conviction for the felony for which your client was convicted. I don't believe that is correct. Now, I'm not 100 percent sure, but I'm – I believe that if you don't have a deportation – And you're in a room full of people who aren't 100 percent sure. So that's why I'm – can you – if you find supplemental authority on this issue, would you – would both sides file a 20HA? Yes, Your Honor. Additionally, I think the prejudice is demonstrated by the fact that he had plausible – that there was a plausible claim for relief. Additionally, I think to ask him to reconstruct – to ask Mr. Quinker to reconstruct what he would have taken it or not back in 2001 is too much – too onerous to ask someone – Well, but I think what the government's saying – and, remember, this issue wasn't really raised below – is surely he could have put in a declaration that said, if I were offered it, I would have taken it. And surely if that were a factual issue that the government disputed, they could have put him on the stand and had the district judge determine whether or not he's just making that up at the moment in order to get relief. Since you didn't raise it, that's the difficulty here. We're having some difficulty trying to figure out what we do. I understand. I don't believe that's required for him to meet his burden. I think the fact that he shows that there would have been a plausible claim for relief and it is plausible that he would have received it. That's the question, I think, that we're having a little difficulty with, whether it was an obligation of his to show that he would have accepted it or whether it's enough prejudice to say that he was deprived of a right and an opportunity. So far, I don't think we've had any cases on it. So, of course, you can both give us eight-day letters on that to establish whether the obligation to show prejudice includes more than the fact that you were deprived of the legal opportunity or whether it also includes whether you also have a burden to show that you would have accepted it. So we can have supplementary letters on that from both sides. If anyone finds anything else you'd like to add. All right. Be helpful. If there are no further questions, Your Honor. Thank you. I'll submit.  The case is very good. It will be submitted.
judges: Reinhardt, Noonan, Hurwitz